This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                   **No. 32,471**

**NELSON ESCOBAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Bauer, Acting Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     After pleading no contest to one count of possession of a controlled substance (cocaine), Defendant, Nelson Escobar, was sentenced to a term of thirty months imprisonment, which included a one-year habitual offender enhancement. [RP 70,

157, 158] Defendant raises three issues on appeal. First, he contends the district court erred in denying his motion for random reassignment. Second, he contends the district court judge erred in failing to recuse himself. Third, he contends the district court erred in sentencing him as an habitual offender.

{2} We issued a notice proposing to summarily affirm and Defendant filed a memorandum in opposition and motion to amend the docketing statement. He seeks to amend the first issue to include an argument that the district court's denial of his motion for random reassignment constituted a denial of due process because it resulted in him being tried before a partial tribunal. [MIO 1] We see no merit to this argument and deny Defendant's motion. We remain unpersuaded by Defendant's remaining arguments and affirm. We will discuss each issue in turn, including a discussion of Defendant's new argument in our discussion of the first issue.

**A.    Random Reassignment**

{3} In our notice, we proposed to conclude that Defendant's interest in being sentenced before a different district court judge is not an interest which warrants greater procedural protections than were afforded here. In his memorandum in opposition, Defendant continues to argue that he was denied due process because he was tried before a partial tribunal (as a result of non-random reassignment) and

because the district court treated his argument for random reassignment in a dismissive fashion.  [MIO 13]

**{4}** Even assuming, *arguendo*, that the district court treated Defendant's argument dismissively, we perceive no denial of due process.  As we stated in our notice, we are aware of no authority that suggests Defendant was entitled to greater procedural protections than he received here.  Defendant concedes that "most courts that have addressed the issue have found that a defendant does not have a right to have his judge selected randomly, or to have his case heard by a particular judge."  [MIO 13]  And Defendant does not cite any authority from New Mexico which suggests that this is the proper forum for him to challenge the reassignment procedures used in the Second Judicial District.  Where a party cites no authority in support of a proposition, we assume no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**{5}** We likewise see no merit in Defendant's argument that he was denied due process because he was tried before a partial tribunal.  We see no evidence that the district court judge was partial. We will not presume that the judge lacked impartiality simply because he decided Defendant's motions in a manner that displeased Defendant.  While the quotations contained in Defendant's memorandum in

opposition reflect that the district court judge was annoyed at defense counsel, this is not enough to show bias with respect to Defendant.

{6}      Even if we were to find that the procedure for reassigning judges was not random in this instance, which is a question we do not reach, we would still affirm. Defendant cites authority from other jurisdictions which suggests that error in the process by which a trial judge is selected is only reversible if it results in prejudice to the defendant.  *See Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984) ("Even when there is an error in the process by which the trial judge is selected, or when the selection process is not operated in compliance with local rules, the defendant is not denied due process as a result of the error unless he can point to some resulting prejudice."); *see also United States v. Pearson*, 203 F.3d 1243, 1263 (10th Cir. 2000) (holding alleged due process violation arising out of judicial assignment was harmless because the defendant "has not alleged that he was actually prejudiced by the assignment").

{7}      Defendant contends that he suffered actual prejudice because his case "was assigned to a judge who was not fair and impartial, but was, instead, so personally offended by defense counsel's legal argument . . . to have summarily denied it." [MIO 15]  The fact that the district court may have summarily denied Defendant's motion

for random reassignment does not mean that the judge was prejudiced against Defendant. A defendant must do more to show prejudice.

**{8}** We thus affirm the district court's denial of Defendant's motion for random reassignment. We also deny Defendant's motion to amend the docketing statement, concluding that the new argument he seeks to raise is not viable. *See* Rule 12-208(F) NMRA ("The Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement."); *see also State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (discussing standard for motion to amend), *superceded by statute on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**B.    Recusal**

**{9}** In our notice, we proposed to conclude that the district court judge did not abuse his discretion in failing to recuse himself because we saw no evidence that he became so embroiled in the controversy involving Defendant's motion for random reassignment that he could not fairly and objectively preside over Defendant's sentencing. *See State v. Trujillo*, 2009-NMCA-128, ¶ 11, 147 N.M. 334, 222 P.3d 1040 ("Recusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case." (alterations, internal quotation marks, and citation omitted)).

{10}     In his memorandum in opposition, Defendant acknowledges that "there does not appear to be direct evidence that the district court judge was biased when imposing [Defendant's] sentence." [MIO 9] However, Defendant contends that the record reveals that the judge could not fairly and objectively rule on either Defendant's motion for random reassignment or motion for recusal. [MIO 9]

{11}     With respect to the motion for random reassignment, Defendant's argument is clearly without merit. The district court issued a written order on June 13, 2012, denying Defendant's motion for random reassignment. [MIO 3, RP 96] Defendant's sentencing hearing was held on August 6, 2012. [MIO 3, RP 99] Near the beginning of that hearing, the district court judge stated, on the record, that he had already denied Defendant's motion for random reassignment. [MIO 4] After further argument on this motion, defense counsel requested that the judge recuse himself. [MIO 6] Because of the order of events, there is no way that the district court judge's denial of Defendant's motion to recuse could have affected his decision on the motion for random reassignment.

{12}     With respect to the motion for recusal, we are not persuaded that a judge can abuse his discretion in failing to recuse because he cannot fairly and objectively decide the motion to recuse. Defendant does not cite any authority suggesting that this alone could warrant reversal. We will not infer personal bias simply because the

district court judge denied Defendant's motion for recusal. *See State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) ("Personal bias cannot be inferred from an adverse ruling or the enforcement of the rules of criminal procedure."). We perceive no abuse of discretion in the district court's denial of Defendant's motion to recuse and thus affirm.

**C.     Sentencing**

{13}     In our notice, we proposed to conclude that the district court did not err in sentencing Defendant as an habitual offender pursuant to the terms of the plea agreement because Defendant admitted to having a prior felony conviction and the agreement is not ambiguous regarding whether the habitual offender enhancement was triggered here. Defendant continues to argue both points and we remain unpersuaded.

{14}     It is clear that Defendant waived his right to contest the validity of his prior felony conviction because he specifically admitted he had a prior conviction which was a felony conviction for purposes of NMSA 1978, Section 31-18-17 (2003), and he admitted this conviction was "valid and free from error." [RP 70] *See State v. Sanchez*, 2001-NMCA-060, ¶ 21, 130 N.M. 602, 28 P.3d 1143 (concluding the defendant waived his right to contest the validity of his prior convictions or his status as a fourth habitual offender on similar facts). Defendant contends that his admission

was only valid for a limited purpose, but his argument is not supported by either the language of the plea agreement or New Mexico case law.

{15} It is also clear that Defendant was properly sentenced as an habitual offender. The agreement provides for two different ways for Defendant to be sentenced as an habitual offender. First, the agreement states:

> SENTENCING AGREEMENT: The State has agreed to waive pursuit of Habitual Offender Enhancement at initial sentencing. There are no other agreements to sentence. **If Defendant violates any condition of release prior to sentencing on this matter, or, subsequent to sentencing, violates any condition of parole or probation, the Court may sentence Defendant to imprisonment without considering the limitation.**

[RP 70-71 (emphasis in original)] Second, the agreement states, in a section entitled Habitual Offender Proceedings:

> UPON VIOLATION: The Defendant understands that if Defendant violates any law after entering this plea and before completing the sentence in the case, Defendant will be subject to additional habitual offender proceedings based on the convictions listed under the section labeled "Admission of Identity." The State also may bring additional habitual offender proceedings if the Defendant violates any conditions of probation or parole.

[RP 72]

{16} Defendant does not dispute that he violated a condition of release prior to sentencing by failing to appear at initial sentencing, thus triggering the first section of the agreement quoted above. However, he argues that this section is inapplicable

8

because he did not engage in conduct which triggered the second section of the agreement quoted above. We have previously stated that a "[d]efendant[] do[es] not get to choose which part of a plea bargain to follow; plea agreements are generally viewed and enforced in their entirety." *State v. Leyba*, 2009-NMCA-030, ¶ 20, 145 N.M. 712, 204 P.3d 37. Reading the agreement as a whole, we believe that Defendant should have understood that he could have been sentenced as an habitual offender pursuant to either section of the agreement quoted above. We thus conclude that the district court did not err in sentencing Defendant as an habitual offender.

**CONCLUSION**

{17} For the reasons stated above and in our prior notice, we deny Defendant's motion to amend and affirm.

{18} **IT IS SO ORDERED.**

 

 

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

 

**LINDA M. VANZI, Judge**

9

**M. MILES HANISEE, Judge**