This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**32 IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PHIL SANCHEZ and TESSIE SANCHEZ,**

Plaintiffs-Appellees,

**v.** **No. 32,819**

**DAVID P. SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Padilla Law Firm, P.A.
Ernest L. Padilla
Santa Fe, NM

for Appellees

The Elion Law Firm, P.C.
Gary D. Elion
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from the district court's order granting Plaintiffs quiet title and ejecting Defendant from multiple properties. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement. Defendant also requested leave to seek relief from the district court from a mistake in the judgment, which this Court granted. Having received the corrected order from the district court, and having considered the arguments of both parties, we deny Defendant's motion to amend the docketing statement and affirm the district court's order.

{2}     In his April 10, 2013 docketing statement, Defendant raised two issues: (1) the district court lacked jurisdiction to enter findings and conclusions following the filing of Defendant's notice of appeal, and (2) the district court abused its discretion in concluding that Plaintiffs did not possess the requisite intent to deed or convey the properties at issue. This Court proposed to conclude that the district court was within its authority to enter findings of fact and conclusions of law, because Defendant's notice of appeal was premature. [CN 3-4] Defendant has not addressed the Court's proposal with respect to this issue in any of his subsequent filings, and his failure to do so constitutes abandonment of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that when a case is decided on the

summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{3}	In this Court's notice of proposed disposition, we construed Defendant's second argument as challenging the sufficiency of the evidence supporting the district court's decision to grant quiet title.  We relied on the district court's finding that the memorandum executed by the parties in July 1992 indicated that Plaintiffs did not intend to convey the property to Defendant, and we proposed to conclude that this was sufficient to rebut the presumption created by the 1992 deeds that Plaintiffs intended to convey the properties at issue. [CN 5]

{4}	Defendant has responded by asserting that he  testified at trial that he did not sign the 1992 memorandum. [Proposed Amended DS 2] As is apparent from the district court's findings and conclusions, the district court rejected Defendant's testimony and concluded that all parties had executed the 1992 memorandum. [RP 412] As we pointed out in our notice of proposed disposition, this Court cannot weigh the credibility of live witnesses; rather, that is a matter for the trial court. *See Tallman v, ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 3, 108 N.M. 124, 767 P.2d 363, *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.  Furthermore, to the extent Defendant argues that the district court's decision quieting title was in error when the weight of

the evidence established otherwise, weighing of evidence is outside of the scope of our appellate review. *See Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact." ). As Defendant has failed to demonstrate error in this Court's proposed summary disposition, we summarily affirm for the reasons stated therein.

**Motion to Amend the Docketing Statement**

{5} Defendant has submitted a proposed amended docketing statement identifying three issues for review: (1) whether the district court erred in quieting title to two ranch properties not referenced in the complaint, (2) whether the district court erred in quieting title to the three properties in the 1992 deeds despite evidence contrary to the district court's holding; and (3) whether the district court erred in concluding that Plaintiffs had met the "good faith" requirement of a quiet title action. [Proposed Amended DS 3-4] The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{6}** With respect to the first issue identified above, Defendant asserted in his proposed amended docketing statement that this issue was best resolved by granting leave for the district court to correct its judgment. [Proposed Amended DS 4] This Court granted that motion and the district court issued a corrected judgment striking the contested properties from the final order. We therefore conclude that Defendant's request to amend his docketing statement to include this issue is moot.

**{7}** With respect to the second issue identified above, Defendant is arguing that the evidence does not support the district court's determination. This Court addressed the sufficiency of the evidence supporting the district court's determination in our notice of proposed disposition. We therefore conclude that this issue is not part of Defendant's motion to amend the docketing statement, and we have addressed this issue above. To the extent Defendant included additional argument or facts relevant to this argument in his proposed amended docketing statement, we have treated that information as part of Defendant's memorandum in opposition and have given it due consideration in reaching our decision to affirm.

**{8}** With respect to the third issue identified above, Defendant argues that the district court erred in concluding that Plaintiffs had acted in "good faith" given evidence that the 1997 deeds were voided by fraud. Defendant argues that "[w]here a conveyance which furnishes claimed color of title is created and obtained with

5

knowledge of its invalidity by one claiming title by adverse possession, there is an absence of that good faith required by the statute." [Proposed Amended DS 6-7 (citing *Palmer v. Denver & Rio Grande W.R.R. Co.*, 1966-NMSC-023, ¶ 10, 75 N.M. 737, 410 P.2d 956)] However, because this Court is affirming based on the district court's determination that Plaintiffs lacked the requisite intent to convey the property to Defendant in 1992, Defendant's claim that Plaintiffs are unable to establish adverse possession based on the 1997 deed does not provide a basis for reversal of the district court's decision. We therefore conclude that this issue is not viable.

{9}	Accordingly, we deny Defendant's motion to amend the docketing statement. For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{10}	**IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**

6