This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **NO. 32,952**

**JOSE SERRANO-ORTIZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant appeals from the district court's judgment affirming the sentencing order of the metropolitan court that found Defendant guilty of DWI and speeding. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a motion to amend his docketing statement to include additional issues and a memorandum in opposition to our notice. The State filed a motion to dismiss the appeal, as it did in several other cases, challenging the propriety of our review of district court on-record proceedings. We delayed disposition of the motion pending a formal decision from this Court. In *State v. Carroll*, 2013-NMCA-__, ¶¶ 1, 5, 9, 12 __ P.3d__ (No. 32,909, Oct. 21, 2013), this Court determined that appeals from on-record decisions of the district court are properly before us, resolving all matters raised in the State's motion. The State's motion to dismiss is therefore **DENIED**, and we may proceed to disposition in this case. Having considered Defendant's response to our notice, we remain unpersuaded that Defendant demonstrated error. We deny Defendant's motion to amend the docketing statement and affirm.

**Motion to Amend**

{2} Defendant has filed a motion to amend the docketing statement, asking this Court to review whether there was reasonable suspicion to support the stop and whether there was probable cause to support his arrest. [MIO 13-17] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing

2

statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{3} Defendant has not stated whether and how his challenges to reasonable suspicion and probable cause were preserved, and the record does not contain a motion to suppress based on these grounds or otherwise suggest that these matters were raised in metropolitan court. This omission, alone, warrants denial of the motion to amend, because these matters must be preserved. *See Rael*, 1983-NMCA-081, ¶¶ 15-16; *Moore*, 1989-NMCA-073, ¶¶ 44-46; *see, e.g., State v. Talley*, 2008-NMCA-148, ¶ 20, 145 N.M. 127, 194 P.3d 742 (refusing to reach a challenge to an officer's reasonable suspicion because it was not raised below). In addition, we are not persuaded that Defendant's challenges demonstrate fundamental error. The

officer's testimony about Defendant's driving establishes reasonable suspicion of criminal activity, and the officer's testimony about all of his observations of Defendant prior to arrest establishes probable cause, as we recognized in our notice, which analyzed this evidence in the context of Defendant's sufficiency challenge. For these reasons, we deny the motion to amend to add these issues.

{4}      We also note that in his memorandum in opposition to our notice, Defendant attacks the trustworthiness of the breath alcohol report in the context of his challenge to the sufficiency of the evidence. [MIO 18-20] The reliability of evidence involves its admissibility, not its sufficiency to support a verdict. *See State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487 (stating that in reviewing the sufficiency of the evidence, we consider all the evidence admitted, even wrongfully admitted evidence). Because Defendant did not raise this matter in his docketing statement and it is not properly raised as part of a sufficiency challenge, we treat this new argument as part of the motion to amend the docketing statement. We note that although the record suggests that this issue was raised at trial, [RP 105] we hold that the issue is not viable under *State v. Anaya*, for the reasons stated in the district court's memorandum opinion. 2012-NMCA-094, ¶¶ 19-22, 26-27, 287 P.3d 956, *cert denied*, 2012-NMCERT-007, 297 P.3d 599. [RP 107-08] As a result, we deny Defendant's

motion to amend the docketing statement to add this issue and do not address it further.

**Sufficiency of the Evidence**

{5}     Defendant continues to challenge the sufficiency of the evidence to support his conviction for driving while intoxicated (DWI), under the impairment-to-the-slightest-degree standard. [DS 11; MIO 17-18] Our notice detailed the evidence and legal authorities that we believed supported affirmance of his conviction. Defendant's response to our notice does not dispute that such evidence was presented, nor does it demonstrate how our application of those facts to the law is incorrect. We remain unpersuaded that the metropolitan court erred.

{6}     For the reasons stated in this Opinion and in our notice, we affirm the metropolitan court's sentencing order.

{7}     **IT IS SO ORDERED.**

 

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**M. MONICA ZAMORA, Judge**