This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  NO. 33,953

**JOHN L. HALL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant appeals his conviction for second degree murder. We issued a calendar notice proposing to affirm. Defendant has filed a timely memorandum in

opposition. Pursuant to *Franklin*/*Boyer*, Defendant has also filed a motion to amend the docketing statement to add the issue of whether he was entitled to an instruction on involuntary manslaughter.

**Sufficiency of the Evidence**

{2}   Defendant contends that the evidence was insufficient to support his conviction for second degree murder. [DS 5] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{3}   Defendant's specific claim is that there was insufficient evidence to support the determination that he did not act with sufficient provocation. "Sufficient provocation is defined as 'any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions.'" *State v. Jernigan*, 2006-NMSC-003, ¶ 24, 139 N.M. 1, 127 P.3d 537 (quoting UJI 14-222 NMRA). "The provocation must be such as would affect the ability to reason and to cause a

2

temporary loss of self control in an ordinary person of average disposition." *Id.* (internal quotation marks and citation omitted).

{4} Here, Defendant notified the victim that he was going to be evicted. [MIO 2] The victim then went to Defendant's father's house and confronted father about the money owed. [MIO 2] Defendant also went to the residence. [MIO 2] While the victim and Defendant's father were arguing, Defendant left the room and retrieved his father's gun. [MIO 2-3] Defendant continues to rely on evidence that the victim lunged at him while he was responding to a verbal fight between the victim and Defendant's father. [MIO 2-3; 10] However, the jury was free to reject Defendant's version of events at trial. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact finder is free to reject a defendant's version of events). Instead, the jury heard Defendant's confession. In it, Defendant stated that after retrieving the gun, he returned to the room, pointed the gun at victim, and demanded payment of the money owed. [MIO 3] The victim said "bring it" and "you're not going to shoot me," and bowed his chest. [MIO 3] Defendant then shot the victim. Defendant shot the victim a second time after the victim said "you shot me." [MIO 3-4] In light of this evidence, the jury could properly conclude that Defendant had not been sufficiently provoked.

**Motion to Amend**

3

**{5}** Defendant seeks to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 44, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{6}** "In order to obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration, internal quotation marks, and citation omitted). In this case, the jury was instructed on self-defense, which it rejected. [RP 114] Therefore, given the defense before the jury, the best alternative would have been for Defendant to rely on an imperfect self-defense theory. However, the lowest degree of homicide that can result from a finding of imperfect self-defense

4

is voluntary manslaughter. *See State v. Abeyta*, 1995-NMSC-051, ¶ 25, 120 N.M. 233, 901 P.2d 164, *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, 122 N.M. 148, 921 P.2d 1266. Accordingly, we conclude that this issue is not viable.

{7}     For the reasons set forth above, we affirm.

{8}     **IT IS SO ORDERED.**


                                        _____
                                        **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**