This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                    **No. 33,806**

**JACOB PUENTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant appeals from the district court's judgment and sentence entered pursuant to a jury trial, convicting him of battery upon a peace officer contrary to NMSA 1978, Section 30-22-24 (1971). Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. In response to our notice, Defendant has filed a memorandum in opposition and a motion to amend. We remain unpersuaded and therefore affirm. Additionally, the motion to amend the docketing statement is DENIED.

**SUFFICIENCY OF THE EVIDENCE**

{2} Defendant challenges the sufficiency of the evidence to support his conviction for battery on a peace officer. [MIO 6-19] In response to our notice, Defendant argues that in order to convict him of battery upon a police officer, his conduct must have actually interfered with the officer's ability to carry out his duties or control or command the situation. [MIO 6] In making this assertion, Defendant is attempting to define what it means to meaningfully challenge an officer's authority—something we have declined to do. *State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 ("We specifically decline[] to define what types of behavior will be sufficient to constitute a meaningful challenge to authority and what will not. Instead, we stress[] that whether or not a defendant's conduct constitute[s] a meaningful challenge [will] depend on the context in which the battery occurred." (citation

omitted)); *State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142 ("While the parties urge us to define the legal boundaries of a 'meaningful challenge' to authority, we decline to do so. Because its definition demands knowledge of the context in which the battery arose, this question is best left to juries to decide using their collective common sense and wisdom as a guide.").

{3}    Further, while Defendant continues to argue that his conduct could not have constituted a meaningful challenge to authority, we are unpersuaded.  In *Jones*, this Court examined two defendants' conduct to determine whether a rational jury could find that each had meaningfully challenged an officer's authority when they spit at law enforcement officers.  The first defendant spit on an officer from the back seat of a patrol car after he had been arrested and was being transported to the police station. *Jones*, 2000-NMCA-047, ¶ 2.  The second defendant spit on a detention center officer when the officer was performing a welfare check on the defendant through a food-tray slot in the cell door. *Id.* ¶ 4.  With respect to the first defendant, this Court concluded that "a rational, properly instructed jury could find beyond a reasonable doubt that [the defendant's] spitting upon an officer from the rear seat of the officer's car constituted a "meaningful challenge" to the authority the officer was lawfully exercising over him pursuant to his arrest for DWI." *Id*. ¶ 15.  Similarly, we concluded that the second defendant's conduct could constitute a meaningful challenge to authority. *Id*. ¶ 18.

3

In this case, as we explained in our notice, we conclude that there was sufficient evidence based on evidence that Defendant was ordered to the ground by police officers, and while the officer was attempting to place Defendant in handcuffs, Defendant resisted to some extent and spit in the officer's face. [CN 3-4; MIO 2; RP 25] While Defendant, again, points out that the officer did not personally feel that Defendant's conduct impacted or impeded his authority, we continue to believe that it was the jury's role to make that determination. *See Martinez*, 2002-NMCA-036, ¶¶ 40-41 (emphasizing that whether there was a meaningful challenge to authority is a question of fact for the jury to decide); *Jones*, 2000-NMCA-047, *¶* 14; *see also Charles v. Regents of N.M. State Univ.*, 2011-NMCA-057, ¶ 15, 150 N.M. 17, 256 P.3d 29 ("In reviewing a sufficiency of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary. We defer to the jury's determination regarding the credibility of witnesses and the reconciliation of inconsistent or contradictory evidence. We simply review the evidence to determine whether there is evidence that a reasonable mind would find adequate to support a conclusion." (alteration, internal quotation marks, and citation omitted)). Accordingly, for the reasons set forth in this Opinion and in our calendar notice, we reject Defendant's argument with respect to the sufficiency of the evidence.

**MOTION TO AMEND**

{4} Defendant has also filed a motion to amend his docketing statement to include the issue of whether a definitional instruction regarding what constitutes a meaningful challenge to authority should have been supplied to the jury. [MTA 1] As Defendant recognizes, because he failed to preserve this issue, we will only reverse upon a finding of fundamental error. [MIO 19-23 (arguing that failure to provide a definitional instruction resulted in fundamental error)] *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (providing that the appellate courts review issues relevant to jury instructions for fundamental error when the issue has not been preserved). Because we conclude that this issue is not viable, we deny Defendant's motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶¶ 44-45, 109 N.M. 119, 782 P.2d 91 (providing that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{5} As we explained earlier, in the past we have specifically declined to define what constitutes a meaningful challenge to authority. *Martinez*, 2002-NMCA-036, ¶ 38; *Jones*, 2000-NMCA-047, ¶ 14. Secondly, even if we were to agree with Defendant that a definitional instruction should have been supplied to the jury, our case law

8

indicates that the failure to include a definition in jury instructions typically does not rise to the level of fundamental error. *State v. Barber*, 2004-NMSC-019, ¶ 20, 135 N.M. 621, 92 P.3d 633 (agreeing that the "failure to instruct on a definition . . . , even when called for in an official UJI Use Note, does not rise to the level of fundamental error" in most cases). This case does not present a situation that meets the exacting standard requiring reversal due to fundamental error. *See id.* ¶ 17 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused"). In considering the foregoing, we conclude that Defendant has not presented a viable issue in his motion to amend, and we therefore deny his motion.

{6}     For reasons set forth in our notice and in this Opinion, the district court is affirmed, and Defendant's motion to amend is denied.

{7}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**