817 P.2d 730
112 N.M. 537
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Eutimio Jesse SALGADO,
Defendant–Appellant.**

**No. 12598.**

Court of Appeals of New Mexico.

April 23, 1991.

Tom Udall, Atty. Gen., Santa Fe and Charlie Brown, Asst. Dist. Atty., Albuquerque, for plaintiff-appellee.

Robert J. Jacobs, Taos, for defendant-appellant.

OPINION

HARTZ, Judge.

In this case assigned to the general calendar, defendant filed a motion to amend his docketing statement at the same time that he filed his brief-in-chief. The motion sought to add additional facts of which counsel had become aware by reviewing the transcript after the case was assigned

**538**

to the general calendar. We deny the motion. In appeals filed after July 1, 1990, and assigned to the general calendar, amendments to docketing statements are unnecessary.

 July 1, 1990, was the effective date of the amendment to SCRA 1986, 12–213(A)(3), appearing in the 1990 cumulative supplement to judicial pamphlet 12. *See In re the Amendment of the Rules of Appellate Procedure*, Supreme Court Order No. 8000 Misc. (March 7, 1990). Rule 12–213(A)(3), as it now reads, does not limit briefs (which are filed only in cases on a non-summary calendar) to issues in the docketing statement. *Cf.* SCRA 1986, 12–213(A)(3) (Orig.Pamp.) ("A party shall be restricted to arguing only issues contained in the docketing statement."). Thus, the docketing statement no longer governs the issues that may be raised on a non-summary calendar. *See Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989) (even before the rule change, supreme court would not automatically deny review to issues raised for the first time in the brief-in-chief). The rule change overrules our prior decisions regarding amendments to the docketing statement in cases on a non-summary calendar. *See, e.g., State v. Moore*, 109 N.M. 119, 128–30, 782 P.2d 91, 100–02 (Ct.App.1989).

 In addition, insofar as the docketing statement acts as a substitute for the record in presenting facts to this court in proceedings on the summary calendar, *see State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982); *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App.1985), that purpose of the docketing statement is superseded by the record on appeal once the case is on the general calendar. On general calendar, we can consider any evidence in the record on appeal even if not noted in the docketing statement, and we do not consider factual assertions in the docketing statement that are not supported by the record on appeal. *See State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct.App.1978).

In short, for appeals filed after July 1, 1990, there is no need to file motions to amend the docketing statement once the case is assigned to the general calendar.

Of course, issues not raised in the trial court are still subject to SCRA 1986, 12–216, requiring preservation. Also, when the absence of the issue in the docketing statement results in the omission of pertinent matters from the record on appeal, prejudice to the appellee may cause this court to refuse to review an issue appearing for the first time in the brief-in-chief. *See Gallegos.*

Accordingly, we deny defendant's motion as unnecessary.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.