# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JESSE LUCERO,**

Plaintiff-Appellee,

v.                                                                              **No. 29,323**

**LA MERCED DEL MANZANO, INC., et al.,**

Defendants,

and

**ALFRED LUNA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Catherine F. Davis
Albuquerque, NM

for Apppellee

Alfred Luna
Estancia, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the denial of his Rule 1-060(B) NMRA motion. In our notice, we proposed to affirm the district court's order. Defendant has timely responded. We have considered his arguments and, not being persuaded, we affirm.

Defendant's motion to reopen was based on newly discovered evidence. [RP 478] As we pointed out in our notice, evidence and allegations of fraud in relation to the deeds was not newly discovered evidence. In fact, Defendant himself acknowledges that fraud was known during trial, but counsel failed to present any evidence thereof. [MIO 2-3] Defendant's complaint is not that there is newly discovered evidence of fraud, but rather that fraud was not made an issue during trial. A motion to reopen for newly discovered evidence is not the proper remedy for Defendant's claim that fraud was not considered at the trial.

Defendant now argues that his motion to reopen was not simply for newly discovered evidence under Rule 1-060(B)(2), but also to reopen on the basis of fraud upon the court, Rule 1-060(B)(3). It is not clear from his motion that he sought to reopen on that basis. Moreover, in order to grant relief under this rule, the district court must determine "that misconduct of the opposing party substantially impeded the movant's full and fair preparation of its case." *Edens v. Edens*, 2005-NMCA-033, ¶ 17, 137 N.M. 207, 109 P.3d 295. However, this rule "cannot be used to relieve a party from the duty to take legal steps to protect his interests." *Id.* ¶ 22. Here, it appears that evidence of fraud was known to Defendant and his counsel, but was not present at the trial. Although Defendant claims that everyone agreed that the allegations of fraud would be determined later, we see no evidence of that in the

record. Nor does it make any sense to set such allegations aside for decision later where they would go to the very essence of the case. Defendant cannot now, in hindsight, seek to reopen the case to present evidence that should have been presented at the time of trial.

Defendant also refers to the statute of limitations for cases sounding in fraud. [MIO 4] We fail to see the relevance of that reference. Defendant appears to be arguing that because he is seeking to present evidence of fraud in this case within the four year statute of limitations, the district court should have reopened the case. Defendant conflates two completely different legal issues. A motion to reopen asks the district court to reopen a case that has already been decided. The statute of limitations simply states that one must file a case to seek redress within a certain amount of time. The two have nothing to do with each other.

Finally, Defendant's memorandum raises four "other" issues. Insofar as Defendant seeks to amend his docketing statement to include these issues, we deny it as it does not conform with our requirements for amending. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-101 (Ct. App. 1989), *overruled on other grounds State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991) (setting forth the proper procedure for motions to amend the docketing statement).

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**RODERICK T. KENNEDY, Judge**

4