This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                     **NO. 30,072**

**JOSEPH E. LEWIS,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from his conviction for aggravated assault. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement to add

two additional claims of error. We have considered Defendant's arguments, and as we are not persuaded by them, we deny Defendant's motion to amend and we affirm.

**Sufficiency of the Evidence**

In reviewing the sufficiency of the evidence, we must view the evidence in the "light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

Here, the State was required to prove beyond a reasonable doubt that Defendant tried or threatened to apply force to the victim, that he acted in a rude or angry manner or that he caused the victim to believe that Defendant was about to intrude on the victim's bodily integrity or personal safety, that Defendant intended to apply force to the victim or that a reasonable person would have believed that Defendant was about to apply force to the victim, and that the aluminum bat that Defendant used could cause death or great bodily harm. [RP 64] At trial, more than one eyewitness testified

that after engaging in a fistfight with the victim, Defendant went to his vehicle and got a baseball bat, that Defendant raised the baseball bat in a threatening manner and verbally threatened to hit the victim with the bat. [DS 2] As a result of this threat, the victim retreated. [DS 2] The baseball bat was later recovered from Defendant's vehicle. [DS 2-3] This evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Defendant committed aggravated assault with a deadly weapon.

**Motion to Amend the Docketing Statement**

Defendant seeks to amend the docketing statement to add two issues. This Court will only grant a motion to amend if the issues sought to be raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). As we conclude that neither claim of error is viable, we deny the motion to amend.

The first issue that Defendant seeks to add is a claim that fundamental error occurred when the district court instructed the jury that the State must prove beyond a reasonable doubt that "[D]efendant used a deadly weapon. [D]efendant used a bat. A bat is a deadly weapon only if you find that a bat, when used as a weapon, could cause death or great bodily harm." [MIO 3-9] Defendant argues that this instruction

3

was erroneous because the district court did not follow the uniform jury instructions' use notes and because the instruction given to the jury presumed that a bat is a deadly weapon. Neither argument is viable.

Defendant's argument that the district court followed the wrong use notes is based on a misunderstanding of those notes. The Use Notes for UJI 14-304 NMRA and UJI 14-305 NMRA both require that if a deadly weapon is specifically listed in NMSA 1978, Section 30-1-12(B) (1963), then only the name of the enumerated deadly weapon is included in the instruction, since a listed weapon is per se deadly under the statute and the jury need not make any factual finding that the weapon was deadly. *See* UJI 14-304, Use Note 4; UJI 14-305, Use Note 3. Here, because a baseball bat is not listed in Section 30-1-12(B), the district court correctly did not use this alternative. Instead, the district court used the alternative that required the State to prove that the object used was a deadly weapon. *See* UJI 14-304, Use Note 6; UJI 14-305, Use Note 5. Therefore, the instruction given by the district court correctly applied the Use Notes. Furthermore, the instruction given did not assume that a bat is a deadly weapon or take this question away from the jury. The beginning of the instruction states that "the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime," and the instruction given provided that the State must prove that "[D]efendant used a deadly weapon.

4

[D]efendant used a bat. A bat is a deadly weapon only if you find that a bat, when used as a weapon, could cause death or great bodily harm." [RP 64] Read as a whole, the instruction clearly provides that the State was required to prove that Defendant used a deadly weapon. Defendant's claim of error is not viable.

The second issue that Defendant seeks to add is a claim of ineffective assistance of counsel based on his counsel's failure to adequately cross-examine a witness and failure to request a self-defense instruction. [MIO 12] Defendant does not assert that there is sufficient evidence of record to establish a prima facie case that either his counsel's conduct fell below the standard of reasonable competence or that the claimed errors by counsel prejudiced him. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. Accordingly, to the degree that Defendant's claim of ineffective assistance of counsel has merit, he will have to raise it in a collateral proceeding. *See id.* ¶ 33 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

5

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**

7