This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,356**

**KIMBERLY RAMOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nicole S. Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant filed a docketing statement appealing from her conviction for contributing to the delinquency of a minor on the ground that there was insufficient evidence to support the jury's verdict. This Court issued a calendar notice proposing to affirm, and Defendant has filed a memorandum in opposition. Having given due consideration to the memorandum in opposition, we remain unpersuaded and affirm Defendant's conviction for contributing to the delinquency of a minor. To the extent Defendant's memorandum in opposition also includes a challenge to the sufficiency of the evidence supporting Defendant's shoplifting conviction, we treat the inclusion of this new argument as a motion to amend the docketing statement. For the reasons discussed below, the motion to amend the docketing statement is denied.

**Contributing to the Delinquency of a Minor**

{2}     In this Court's calendar notice, we noted that there was evidence presented that Defendant and a 14-year old girl went into a Wal-Mart together, that a loss prevention officer observed the two of them in the clothing section watching Wal-Mart employees, that Defendant and the minor stood face-to-face while the minor picked up some jeans and a t-shirt, and that the two of them walked out of the store together without paying for the items. [CN 2-3] Based on this evidence, we proposed to conclude that the State had met its burden of proving that Defendant acted as a lookout for a minor when she knew that the minor was shoplifting and that this

encouraged the minor either to commit the offense of shoplifting or to conduct herself in a manner injurious to the minor's morals, health, or welfare. [CN 2]

{3}    In response, Defendant asserts that she did not see the minor holding any clothing items, she did not notice the minor attempting to hide any items on her person, and it was only after they were stopped by a Wal-Mart employee that Defendant discovered the minor had taken several items. [MIO 3] However, as we noted in our calendar notice, such contrary evidence does not provide a basis for reversal. [CN 3 (citing *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 898)] Because we conclude that there was sufficient evidence to support Defendant's conviction for contributing to the delinquency of a minor and Defendant has not demonstrated error, we affirm Defendant's conviction for contributing to the delinquency of a minor.

**Motion to Amend the Docketing Statement (Shoplifting)**

{4}    To the extent Defendant now challenges the sufficiency of the evidence to support her shoplifting conviction, we note that Defendant did not raise this issue in her docketing statement. Accordingly, we treat Defendant's inclusion of this new argument as a motion to amend the docketing statement, and we deny the motion as the issue is not viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-45, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that

are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{5}     Here, the jury was instructed that to find Defendant guilty of shoplifting the State was required to prove: (1) Defendant took possession of or concealed clothing items; (2) the merchandise had a market value; (3) Defendant intended to take the merchandise without paying for it; and (4) this happened in New Mexico on September 22, 2012. [RP 72] The jury was also instructed that Defendant could be found guilty, "even though she herself did not do the acts constituting the crime," if the State proved that "[D]efendant intended that the crime be committed; . . . the crime was committed; . . . and [D]efendant helped, encouraged or caused the crime to be committed." [RP 73] Because the evidence described above satisfies each of these elements, we deny Defendant's motion to amend as not viable.

{6}     Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions.

{7}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

4

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**