This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                   No. 32,679

ANTHONY RAY BACA,

Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Douglas R. Driggers, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant


MEMORANDUM OPINION

BUSTAMANTE, Judge.

{1}  Defendant appeals from his convictions for kidnaping, in the first degree; criminal sexual penetration, in the second degree; aggravated battery, in the third degree; and misdemeanor criminal sexual contact.  On appeal, Defendant challenges the district court's determination that Defendant was competent to stand trial. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition and motion to amend his docketing statement. Having given due consideration to Defendant's memorandum in opposition, we remain unpersuaded and affirm Defendant's convictions. Furthermore, having considered the argument raised in Defendant's motion to amend his docketing statement, we have determined that the issue Defendant seeks to add is not viable. Defendant's motion to amend the docketing statement is therefore **DENIED**.

**Defendant's Competency to Stand Trial**

{2}  Defendant contends that the district court erroneously determined that he was competent to stand trial. In this Court's calendar notice, we proposed to review the district court's determination of competency for an abuse of discretion. [CN 2 (citing *State v. Duarte*,1996-NMCA-038, ¶ 15, 121 N.M. 553, 915 P.2d 309)] We noted that, at the hearing, the district court heard testimony from Dr. Davis—a licensed psychologist employed in the Forensic Division at the New Mexico Behavioral Institute—regarding Defendant's competency to stand trial. [CN 3; RP 156] We also

2

noted that Dr. Davis had opined that Defendant met the objective criteria for competency. [CN 4; RP 185] And, we pointed out that the district court found, based on Dr. Davis's recommendation, that Defendant was competent to stand trial. [CN 4; RP 156] Further, we proposed to conclude that, to the extent Defendant was arguing the district court abused its discretion by improperly weighing the expert testimony in determining whether Defendant was mentally retarded and/or incompetent to assist in his defense, the conflicting opinions regarding Defendant's competency did not demonstrate an abuse of discretion. Rather, we suggested that "[w]hen there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." [CN 5 (citing *Grant v. Cumiford*, 2005-NMCA-058, ¶ 13, 137 N.M. 485, 112 P.3d 1142)]

{3}     In response, Defendant asserts that this Court proposed to apply an incorrect standard of review. Rather than an abuse of discretion standard, Defendant asserts that the proper standard of review is de novo. [MIO 5] However, Defendant acknowledges that even where a de novo standard of review is applied, this Court reviews factual determinations for substantial evidence. [Id.] Thus, even if this Court were to agree with Defendant's argument regarding the proper standard of review, application of that standard would not result in reversal.

**{4}** When this Court reviews factual questions for substantial evidence, "we review the facts in the light most favorable to the prevailing party, deferring to the district court's factual findings so long as substantial evidence exists to support those findings." *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. As we noted above, there was testimony presented by Dr. Davis that Defendant was competent to stand trial. To the extent there were opinions offered by other doctors at different times opining that Defendant was not competent to stand trial, this Court does not reweigh evidence or assess credibility on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Consequently, because there was evidence sufficient to support the district court's determination, Defendant has failed to demonstrate reversible error even under a de novo standard of review. We therefore affirm Defendant's convictions.

**Motion to Amend the Docketing Statement**

**{5}** Defendant has moved this Court to amend his docketing statement to add an additional issue: Whether Defendant's felony conviction for criminal sexual penetration (CSP) in the commission of a felony can stand where the jury was not instructed to find as an element of the crime that the sexual conduct was unlawful.

[MIO 1]  The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{6}** Recently in *State v. Stevens*, 2014-NMSC-011, ¶ 3, ___ P.3d ___, our Supreme Court held that "the jury should be instructed that the crime of criminal sexual penetration during the commission of a felony requires the commission of unlawful sexual activity with the victim of the felony." However, our Supreme Court concluded that fundamental error had not occurred in that case because the defendant's guilt was clear and "a trial court's error in failing to instruct on an essential element of a crime for which defendant has been convicted, where there can be no dispute that the element was established, . . . does not require reversal of the conviction." *Id.* ¶ 42 (internal quotation marks and citation omitted).

**{7}** Based on this reasoning, we conclude that Defendant has not demonstrated a viable issue, as there is no dispute that the element of unlawfulness was established. According to Defendant's statement of facts contained in the docketing statement, the

5

investigation revealed that Victim had called Defendant—who was a friend of Victim's fiancé—and asked him for a ride. [DS 2] A few minutes into the ride, Victim noticed that Defendant was no longer driving in the direction of her fiancé's house, but had pulled off on a dirt road where he continued to drive until there were no longer any residences or other buildings. [Id.] Defendant then stopped the car and began to strike Victim in the head with what she believed to be a forty-ounce beer bottle, while stating that he was going to have intercourse with her. [DS 2-3] When Victim struggled, Defendant began hitting Victim in the face with his fist. [DS 3] Victim alleged that she told Defendant to do what he wanted because she was bleeding badly and she "was scared to die." [DS 3] Defendant then had intercourse with Victim, apologized, told her not to tell her fiancé, and took her home. [Id.] Defendant was stopped by police after Victim reported the attack and provided Defendant's name and physical address. [Id.] During a consensual search of Defendant's vehicle, police found dried blood stains on both the right front and right rear passenger seats, and on a blue baseball cap that Victim had informed investigators Defendant was wearing at the time of the attack. [DS 2-3] Furthermore, photographs taken at the hospital showed signs of attempted strangulation. [Id.] Thus, based on this evidence, we conclude that evidence of Defendant's guilt was clear, and the unlawfulness of the CSP was clearly established. Accordingly, we conclude that Defendant has not demonstrated

6

fundamental error and has, therefore, not shown that this issue is viable. We therefore deny Defendant's motion to amend the docketing statement.

{8} For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions. Defendant's motion to amend the docketing statement is denied.

{9} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**