This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                    **No. 34,679**

**D'ARCY BURGE**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals his convictions for battery on a household member, false imprisonment, and deprivation of property of a household member. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     In his docketing statement Defendant raised a single issue, challenging the sufficiency of the evidence to support his convictions. [DS 5] As we previously observed at greater length in the notice of proposed summary disposition, the victim's testimony supplies ample support for each essential element of the offenses in question. [CN 2-4] The memorandum in opposition does not take issue with our summary of the pertinent evidence. Instead, Defendant takes the position that the victim's testimony, standing alone and without corroboration, should be regarded as insufficient. [MIO 5] We disagree. *See State v. Maes*, 1970-NMCA-053, ¶ 24, 81 N.M. 550, 469 P.2d 529 ("[A] defendant may be convicted on the uncorroborated testimony of the victim of the crime."); *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("As a general rule, the testimony of a single witness is sufficient evidence for a conviction.").

{3}     In his memorandum in opposition Defendant advances a new sub-argument, contending that the evidence was insufficient to distinguish the false imprisonment from the battery. [MIO 5-8] Specifically, Defendant asserts that "the encounter constituted one overarching assaultive episode," [MIO 7] and to the extent that the false imprisonment was merely incidental to the battery, the conviction for false imprisonment should be vacated. [MIO 5-8] In support of his argument Defendant relies on *State v. Trujillo*, 2012-NMCA-112, ¶ 1, 289 P.3d. 238, *cert. quashed*, 2015-NMCERT-003, 346 P.3d 1163 (holding that "the Legislature did not intend to punish as kidnapping restraint or movement that is merely incidental to another crime"). [MIO 6] We are unpersuaded. *Trujillo* deals specifically and exclusively with the offense of kidnapping. The approach taken therein was premised on the history of the kidnapping statutes and on the serious nature of that offense. *Id.* ¶¶ 23-31. In *Trujillo* the Court explicitly recognized that these considerations distinguish kidnapping from the lesser offense of false imprisonment. *Id.* ¶¶ 27, 29-30, 41. As such, it is clear that *Trujillo* is inapplicable. We therefore reject Defendant's argument.

{4}     Finally, we turn to the motion to amend. Defendant contends that the district court should have submitted instructions to the jury concerning the incidental nature of the restraint. [MIO 8-11] The argument is premised on *Trujillo*, [MIO 9-10] which, as stated, is inapplicable. Because the putative issue is without merit,  we deny the

motion. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 782 P.2d 91 (observing that issues sought to be presented in a motion to amend a docketing statement must be viable).

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**RODERICK T. KENNEDY, Judge**