This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TANOAN COMMUNITY EAST ASSOCIATION, INC.**,
a New Mexico non-profit organization,

Plaintiff-Appellee,

v.                                                                                    NO. 34,871

**STANLEY Z. PEPLINSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Shannon Robinson
Albuquerque, NM

for Appellee

Stanley Z. Peplinski
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Defendant Stanley Z. Peplinski, a self-represented litigant, appeals from four orders: (1) an order for sanctions against him for discovery violations, entered on December 17, 2013 [RP 92]; (2) an order designating Plaintiff Tanoan East Community Association, Inc.'s requests for admission deemed admitted by Defendant, entered on August 6, 2014 [RP 155]; (3) an order denying Defendant's second motion to reconsider the court order for sanctions, entered August 6, 2014 [RP 167]; and (4) an order granting summary judgment in favor of Plaintiff, entered May 19, 2015 [RP 221]. In our notice of proposed summary disposition, we proposed to affirm. Additionally, we denied Defendant's motion to drop the supersedeas bond requirement. In response to this Court's notice, Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issues 1 and 5**

{2}     In his docketing statement, Defendant argued that Judge Denise Barela Shepherd erred when she failed to disqualify herself from this case and when she failed to disclose that she presided over a case in metropolitan court, filed in 2000, in which Defendant was the plaintiff (Issue 1). [DS 3] Additionally, Defendant asserted that the judge created a hostile environment and demonstrated judicial bias against him because she did not allow him to call witnesses on his behalf, despite the fact that the witnesses were physically present in the courtroom; she chastised him during a

hearing; she favored Plaintiff's attorney during a hearing; and she brought a sheriff into the courtroom while the proceedings were still ongoing (Issue 5). [DS 4-5]

{3}     In our notice of proposed disposition, we noted that it did not appear that Defendant preserved these issues for appellate review, and even if he could demonstrate that he preserved these issues for appellate review, we proposed to hold that his claims lacked merit. [CN 3-5] More specifically, we stated that we were not persuaded that Judge Barela Shepherd was required to disqualify herself from this district court case, simply because she was the judge in a different case filed in 2000 in metropolitan court in which Defendant was the plaintiff. [CN 4-5] We also proposed to hold that Defendant's assertions were insufficient to substantiate claims of judicial bias or hostility. [CN 5] *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶¶ 424-25, 96 N.M. 155, 629 P.2d 231 (stating that adverse rulings and criticism of counsel by the court do not demonstrate bias).

{4}     In his memorandum in opposition, Defendant continues to argue that the judge erred and demonstrated bias. [MIO 2-4] We note, however, that Defendant has not pointed out errors in fact or law with our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, we

remain unconvinced that the district court erred in this case with respect to Issues 1 and 5.

**Issue 2**

{5} In his docketing statement, Defendant claimed that the district court erred by allowing substitution of Plaintiff's counsel when neither original counsel nor substitute counsel followed court rules for withdrawal and substitution of counsel. [DS 3-4] Defendant asserted that he informed the district court regarding the improper substitution of counsel orally and in writing; however, it did not appear that Defendant asked the district court to take any action based on the alleged erroneous substitution of counsel. [DS 5] Therefore, we proposed to hold that this issue was not preserved for appellate review. [CN 5] In our notice of proposed disposition, we also stated that even if Defendant could demonstrate that he preserved this issue for appellate review, substitute counsel filed an entry of appearance on behalf of Plaintiff in the district court. [CN 5; RP 82] We suggested that we were not persuaded that Defendant was prejudiced by any alleged errors relating to substitution of counsel. [CN 5-6]

{6} In response, Defendant continues to assert that he informed the district court about the improper substitution and he was prejudiced because substituted counsel, Shannon Robinson, did not have standing to propound discovery in this case. [MIO 4-9] The record reflects that Mr. Robinson filed an entry of appearance on behalf of Plaintiff on July 11, 2013, and he certified that the first set of interrogatories, requests

4

for production, and requests for admission were mailed to Defendant on August 21, 2013. [RP 82-83] Given this information, we are not persuaded by Defendant's arguments. *See City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 34, 121 N.M. 144, 909 P.2d 25 ("The appellant has the burden to point out clearly and specifically the error it asserts on appeal.").

**Issue 3**

{7}     In his docketing statement, Defendant argued that the district court erred with respect to various discovery issues, including whether substitute counsel had standing to propound discovery. [DS 4] He claimed that he preserved these issues orally and in writing, particularly via a motion to reconsider, filed on January 16, 2014. [DS 5; RP 96] We proposed to hold that Defendant did not demonstrate error or prejudice with respect to these issues. [CN 6-7]

{8}     Defendant's memorandum in opposition does not point out errors in fact or law with this Court's proposed disposition. Instead, Defendant quotes allegations set forth in his motion to reconsider, filed January 16, 2014, and his answer to Plaintiff's amended motion for summary judgment, filed May 12, 2015. [MIO 10] This does not satisfy Defendant's burden on appeal. *See Hennessy*, 1998-NMCA-036, ¶ 24.

**Issue 4**

{9}    In his docketing statement, Defendant argued that the district court erred in granting summary judgment in favor of Plaintiff. [DS 4] In support of this assertion, he claimed that Plaintiff failed to meet the standards for summary judgment and failed to properly support its motion for summary judgment with admissible evidence. [DS 4] In our calendar notice, we stated that Defendant failed to provide this Court with sufficient information to review this alleged claim of error, so we presumed the correctness of the district court's actions. [CN 7-8]

{10}    In response to our proposed disposition, Defendant refers to and quotes material from his answer to Plaintiff's amended motion for summary judgment. [MIO 10-11] As discussed above, this does not satisfy Defendant's burden on appeal. *See id.*

**Motion to Amend**

{11}    In his memorandum in opposition, Defendant raises an issue that was not previously raised in his docketing statement. He asserts that Plaintiff lacked standing to file the complaint and collect on the judgment in this case. [MIO 11-15] Although Defendant did not move to amend his docketing statement to add this issue, we will consider the issue as if it had been raised pursuant to a proper motion to amend the docketing statement.

{12}    This Court "may, upon good cause shown, allow for the amendment of the docketing statement." Rule 12-208(F) NMRA. We will deny motions to amend,

6

however, where the amendment seeks only to raise issues that are not viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{13}     Despite Defendant's assertions that there was no valid contract between Plaintiff and Defendant [MIO 11-15], the record establishes otherwise. At all material times to this lawsuit, Defendant owned property that was subject to the Declaration of Covenants, Conditions and Restrictions for Tanoan Community East Master Restrictions (Declaration), and as an owner of the property, Defendant was responsible for paying fees assessed by the Tanoan Community East Association, as well as penalties for violations of the Declaration. [RP 155-66] Thus, we deny the motion to amend.

{14}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{15}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**