This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36510**

**ISIAH TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Adrianne R. Turner
Adrianne R. Turner
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Isiah Trujillo (Defendant) appeals his convictions for criminal sexual penetration of a minor (CSPM) and criminal sexual contact of a minor (CSCM). We

previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded by the assertions of error, we affirm.

{2}     We will begin our discussion with the issues originally raised in the docketing statement. First, Defendant renews his challenge to the sufficiency of the evidence to support his convictions. [MIO 14-16] As we previously observed in the notice of proposed summary disposition, the State presented evidence, including the victims' testimony, as well as Defendant's admissions, in support of each of the elements of the offense. [CN 2-5] Defendant does not dispute this, apart from contending that the three counts of CSPM were unsupported by clear testimony from the victim describing penetration. [MIO 15] However, the victim's description of the incident involving cunnilingus, [DS 6; RP 37] as well as Defendant's admission to the investigating officer of two incidents entailing digital penetration, [RP 39] supplies sufficient evidence to support the convictions. We therefore reject the assertion of error.

{3}     Second, Defendant renews his argument that the district court erred in precluding a defense witness from offering an expert opinion that Defendant's consumption of alcohol and failure to take his diabetes medication rendered him "mentally and emotionally impaired" on the date that he gave a statement to the

2

police. [MIO 16-18; RP 102] He clarifies that the district court's ruling was premised upon his failure to designate the witness as an expert. [MIO 16-17] Defendant contends that this constituted an abuse of discretion, because the sanction was "too extreme" and the State was not prejudiced by the late disclosure. [MIO 17-18] We remain unpersuaded. The record before us reflects that the State was informed about the witness' proposed testimony only shortly before trial, and that the State lacked reasonable avenues of investigating or verifying the basis for her opinion. [RP 103-04] This constitutes prejudice, and under the circumstances, we conclude that the limitations imposed upon the witness' testimony constituted an appropriate corrective measure. *See, e.g.*, *State v. Guerra*, 2012-NMSC-014, ¶ 34, 278 P.3d 1031 (upholding the exclusion of a defense witness as a sanction where the Defendant showed no good cause for providing late notice of the proposed expert testimony and defense, where the state had neither actual nor constructive notice thereof beforehand, and where the inability to meet or prepare for the undisclosed defense at a late stage prejudiced the state). We therefore reject Defendant's claim of error. *See generally State v. Sanders*, 1994-NMSC-043, ¶ 26, 117 N.M. 452, 872 P.2d 870 ("A defendant's right to present evidence on his own behalf is subject to his compliance with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." (internal quotation marks and citation omitted)).

{4} We will turn next to the motion to amend, by which Defendant seeks to raise two new issues. For the reasons discussed at greater length below, we conclude that neither is viable. We therefore deny the motion. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (providing that a motion to amend the docketing statement will only be granted if the issues are viable), *superceded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{5} First, Defendant seeks to advance a combined due process and double jeopardy challenge, contending that a number of the CSCM counts should be vacated because the charging document and the jury instructions failed to identify differentiating characteristics. [MIO 8-13]

{6} Defendant acknowledges that he failed to raise the due process argument below. [MIO 8] We will not consider unpreserved arguments of this nature. *See State v. Huerta-Castro*, 2017-NMCA-026, ¶ 15, 390 P.3d 185 (indicating that a defendant must move for a bill of particulars in order to preserve a *Baldonado* issue for appeal); *State v. Altgilbers*, 1989-NMCA-106, ¶ 46, 109 N.M. 453, 786 P.2d 680 (holding that a defendant who does not raise lack of notice by requesting a statement of facts before trial has waived any such claim); *see, e.g.*, *State v. Dombos*, 2008-NMCA-035, ¶ 21, 143 N.M. 668, 180 P.3d 675 (declining to consider a due process claim based upon

4

multiple carbon copy counts of CSP within the indictment because Defendant did not preserve the argument).

{7} With respect to the double jeopardy argument that is advanced relative to "carbon copy" counts 7 and 10, counts 12 and 13, and counts 14 and 15, we perceive no merit. Insofar as the victim testified that the specified acts occurred on more than one occasion (and Defendant does not dispute our presumption in this regard), [CN 4] the evidence is sufficient to support the convictions. *See, e.g.*, *State v. Tapia*, 2015-NMCA-048, ¶ 18, 347 P.3d 738 (upholding two convictions for CSCM, under identically worded jury instructions, where the testimony indicated that the defendant committed the same act on two occasions). With respect to "carbon copy" counts 4, 6, 8, 9, and 11, we note that the victim testified to multiple incidents in both sixth grade and in seventh grade, [MIO 11-12] and to multiple incidents in two different homes. [MIO 11-12] She further testified that separate incidents occurred during the school year and over summer break, and separate incidents occurred in her bedroom and in Defendant's bedroom, as well as a distinct incident that occurred in a bathroom while a cousin was visiting. [MIO 11-12] These distinguishing features are sufficient to support separate convictions, regardless of the victim's inability to provide specific dates for each occurrence or additional details differentiating the incidents. *See, e.g.*, *Dombos*, 2008-NMCA-035, ¶ 22 (holding that separate convictions for attempted CSP under identically worded jury instructions did not violate double jeopardy, where the

5

victim distinguished each attempt by time and circumstance, and described intervening events); *State v. Martinez*, 2007-NMCA-160, ¶ 17, 143 N.M. 96, 173 P.3d 18 (concluding that in spite of the fact that some incidents were instructed identically, double jeopardy was not violated because the victim described with particularity the acts upon which the defendant was convicted); *State v. Salazar*, 2006-NMCA-066, ¶¶ 30-31, 139 N.M. 603, 136 P.3d 1013 (rejecting a claim that sending multiple carbon copy counts of sexual abuse to the jury violated double jeopardy where the victim linked different counts to different locations, was able to identify the time periods when some of the incidents took place, and also described differences in the manner of abuse).

**{8}** Finally, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 18-21] He contends that trial counsel's course of conduct was deficient in many regards, citing counsel's failure to move to suppress Defendant's statement to police, failure to properly designate the nurse as an expert, failure to investigate potentially exculpatory evidence on social media, and failure to properly argue a motion for directed verdict. [MIO19-20] However, the record before us is insufficient to establish that trial counsel's allegedly unreasonable conduct prejudiced the defense in the sense required. *See generally State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948 (observing that the defendant must demonstrate that his counsel's errors prejudiced his defense such that there is "a reasonable probability that the outcome of

6

the trial would have been different"), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, 267 P.3d 806; *Martinez*, 2007-NMCA-160, ¶ 19 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we need not consider whether counsel's performance was deficient."). Although we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel, we do so without prejudice to Defendant's ability to pursue habeas proceedings. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

{9} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10} **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

7

**M. MONICA ZAMORA, Judge**

_____
**EMIL J. KIEHNE, Judge**