This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. A-1-CA-36367**

**CHARLOTTE BURKHOLDER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Defendant appeals her convictions for aggravated assault with intent to kill, aggravated battery (deadly weapon), and tampering with evidence. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, we hereby deny the motion to amend and affirm the district court judgment.

{2}    **Motion to Amend:** Defendant has moved to amend the docketing statement to add the issue of whether double jeopardy requires merger of her conviction for aggravated assault with intent to kill and her conviction for aggravated battery (deadly weapon). [MIO 2] *See* Rule 12-208(F) NMRA (providing that the Court may allow an amendment of the docketing statement upon a showing of good cause). As Defendant concedes [MIO 2], her argument is contrary to the holding in *State v. Cowden*, 1996-NMCA-051, ¶ 10, 121 N.M. 703, 917 P.2d 972. Accordingly, we deem the issue to be not viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{3}    **Issue:** Defendant's sole issue in the docketing statement claimed that trial counsel was ineffective. Our calendar notice proposed to hold that she had not established a prima facie showing of ineffective assistance of counsel and, to the

extent that Defendant considers the issue to have merit, it is more appropriately addressed in a habeas corpus proceeding. Defendant's memorandum in opposition does not dispute the correctness of our calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (noting that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**DANIEL J. GALLEGOS, Judge**