This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          NO. A-1-CA-36602

**MELISSA DRUM,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Melissa Drum appealed her convictions on a number of counts of trafficking controlled substances as well as other charges. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a memorandum in opposition, which we construe as a motion to amend the docketing statement. For the reasons discussed below we do not find the issue Defendant seeks to raise to be viable on direct appeal. Therefore, we affirm.

{2}     In the notice we addressed the only issue raised by Defendant, the sufficiency of the evidence supporting her convictions. We outlined the evidence that we believed was presented at trial and proposed to hold that it was sufficient. In the memorandum in opposition Defendant does not address the sufficiency issue. Therefore, we affirm on the sufficiency question for the reasons stated in the notice of proposed summary disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3}     Instead of presenting argument concerning sufficiency of the evidence, the memorandum in opposition raises a new issue; we therefore construe the memorandum as a motion to amend the docketing statement. Such a motion will only be granted if the issue was preserved below, or preservation is excused; the issue is

viable; and the motion to amend is timely. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. The new issue Defendant raises is a claim that she should have been given credit for fifteen months of time served in federal custody prior to her state-court trial and convictions, and that her trial counsel was ineffective for not bringing the information necessary to support this claim to the attention of the district court. [MIO 20-27]

{4} The difficulty with both the straight request for credit and the assertion that trial counsel was ineffective is that both issues are dependent on facts that were not made part of the record below. As Defendant acknowledges, the district court expressed interest in finding out more information about the time Defendant spent in federal custody, as well as any agreements that might have been reached concerning Defendant's cooperation with law enforcement. [MIO 11] However, the court was given no specific information about any of those things, but instead only heard counsel hedge or guess at connections between the federal case and this case. [Id.] Defendant now contends that the federal judge "ordered the AUSA [(Assistant United States Attorney)]to talk to the DA [(District Attorney)] about giving [Defendant] credit for the fifteen months served in federal custody." [MIO 23] However, that information was not presented to the district court, and there is no indication on the

record that Defendant's trial counsel was aware of it. In addition, there is no way to tell at this point what effect the federal judge's apparently non-binding directive might have had on the district court's sentencing decisions in this case, including the decision as to how much presentence confinement credit should be awarded. *See, e.g., State v. Martinez,*1998-NMSC-023, ¶ 14, 126 N.M. 39, 966 P.2d 747 (concluding that "the judiciary possesses inherent discretionary authority to grant presentence confinement credit").

**{5}** In sum, this is a case that exemplifies the reasons that habeas corpus proceedings are generally preferable for pursuing ineffective-assistance-of-counsel claims. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 ("Habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness" (alteration, internal quotation marks, and citation omitted)). The record before us neither mandates that Defendant be given credit for the fifteen months spent in federal confinement, nor establishes a prima facie showing of ineffective assistance of counsel. Both of these questions await further development of the facts concerning the federal case, any connection it may have had to this case, and any additional information that might have affected the district court's award presentence

confinement in this case. We therefore deny the motion to amend the docketing statement on the basis that the issue Defendant seeks to raise is not viable on the record before us.

{6}     Based on the foregoing, as well as the analysis set out in the notice of proposed summary affirmance, we affirm Defendant's convictions as well as the amount of presentence confinement credit awarded to Defendant.

{7}     **IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**