This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.                                     **NO. A-1-CA-36156**

**RANDALL JULIAN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals from his convictions for receiving or transferring a stolen motor vehicle; conspiracy to receive or transfer a stolen vehicle; aggravated fleeing a law enforcement officer; criminal damage to property; resisting, evading, or obstructing a law enforcement officer; possession of a firearm by a felon; and receiving stolen property (firearm). After rejecting a deficient docketing statement, we issued a notice proposing to affirm based on the merits of the amended docketing statement. Defendant filed a memorandum in opposition and motion to amend the docketing statement to add a speedy trial issue, asserting that the district court denied dismissal on the erroneous premise that competency proceedings tolled the time for calculating delay. In response, we did not expressly rule on the motion to amend, but issued an order of remand on the

ground that the district court erroneously declined to apply the *Barker v. Wingo* analysis. The district court has entered an order on Defendant's speedy trial motion pursuant to our order of remand. We have considered Defendant's memorandum in opposition and remain unpersuaded that Defendant established error. We have revisited Defendant's motion to amend to add the speedy trial issue, in light of the district court's order on remand, and deny the motion to amend as no longer raising a viable issue. Accordingly, we affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his convictions [MIO 1] and contends that his attorney's failure to seek severance of the charge of felon in possession of a firearm denied him the effective assistance of counsel. [MIO 1-3]

**The Evidence Sufficiently Supports Defendant's Convictions**

**{3}** Our notice provided a lengthy discussion of the charges, the grounds for Defendant's challenges to the sufficiency of the evidence, and the evidence the State presented to support Defendant's convictions, [CN 3-9] which we do not reiterate here. We proposed to conclude, in accordance with our standard of review, that the evidence was sufficient to support each count and that Defendant's challenges to the evidence would have us inappropriately finding facts and reweighing the evidence. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

**{4}** In response to our notice, Defendant states that our summary of the evidence reasonably reflects the evidence presented and that, based on the standard of review, Defendant has no further facts or arguments to bring to the Court's attention. [MIO 1] We hold that the evidence was sufficient for the reasons stated in our notice. [CN 3-9]

**No Ineffective Assistance of Counsel**

**{5}** Relative to Defendant's claim of ineffective assistance of counsel for failing to sever the felon-in-possession-of-a-firearm count, our notice proposed to hold Defendant did not establish that severance would have been successful or that the failure to move for severance prejudiced him. [CN 9-10] *See State v. Rivas*, 2017-NMSC-022, ¶ 23, 398 P.3d 299 ("A defendant seeking to establish ineffective assistance must show both deficient performance of counsel and prejudice caused by the deficient performance."); *State v. Gonzales*, 1992-NMSC-003, ¶ 33, 113 N.M. 221, 824 P.2d 1023 ("To prevail on his ineffective assistance of counsel claim, defendant must first demonstrate that had his counsel moved for severance, the motion would have been granted."), *overruled on*

*other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. In response, Defendant contends that the evidence largely turned on the credibility of his passenger and ex-girlfriend, who testified against him as part of a plea agreement; and the failure to sever the felon-in-possession charge revealed Defendant's status as a felon, which was precisely the kind of evidence that would prejudice the jury against him in this credibility-dependent case. [MIO 2-3] We are not persuaded by Defendant's assertion of prejudice, nor his characterization of the evidence.

**{6}** As our notice observed, a stipulation that Defendant was a felon was read into the record. [ADS 7; 2 RP 266] Defendant fails to explain why this stipulation would not defeat his assertion of prejudice from the failure to move for severance and does not otherwise respond to our observation of the stipulation. Defendant also does not allege that his previous felony conviction was described for the jury or was used to show similarity in Defendant's current and previous criminal actions. *See Gonzales*, 1992-NMSC-003, ¶ 35 (holding that the defendant did not establish prejudice to require severance of the charges where, inter alia, the jury was not told details about the prior felony and where the conviction was dissimilar to the crime charged). In addition, the evidence upon which our notice relied shows that plenty of other evidence that did not depend upon his ex-girlfriend's credibility or his status as a felon was presented that would portray Defendant in a bad light. [CN 5-7] We also note that the testimony of Defendant's ex-girlfriend did not absolve her of responsibility and often implicated herself when describing her and Defendant's collective efforts in the incidents at issue. [CN 7-8] We are not persuaded by Defendant's assertion that he was prejudiced because the case turned on his ex-girlfriend's credibility, and conclude that Defendant's assertion of prejudice is too attenuated and speculative to satisfy the burden of establishing ineffective assistance of counsel. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 19, 433 P.3d 288 ("A court may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice to avoid the deficient performance analysis if this simplifies disposition." (internal quotation marks and citation omitted)); *Gonzales*, 1992-NMSC-003, ¶¶ 35-36 (holding there was no ineffective assistance where counsel failed to move to sever a felon in possession charge because review on appellate hindsight revealed no actual prejudice); *Lytle v. Jordan*, 2001-NMSC-016, ¶ 34, 130 N.M. 198, 22 P.3d 666 (explaining that the prejudice prong requires a showing that the counsel's error was so serious that it affected the outcome of the trial).

**Motion to Amend**

**{7}** As we indicated above, Defendant's motion to amend argued that the district court erred by considering whether the delay was attributable to the State or Defendant when calculating whether the delay is presumptively prejudicial and erroneously declined to engage in the full speedy trial inquiry under *Barker*. [MIO 11-16] We agreed with this contention and remanded for the district court to recalculate the delay and examine the time for competency proceedings as part of the reasons-for-delay factor of the *Barker* analysis. *See, e.g., State v. Smith*, 2016-NMSC-007, ¶ 56, 367 P.3d 420 (including eight-month competency period in total period of delay in speedy-trial analysis); *State v. Stock*, 2006-NMCA-140, ¶¶ 19-22, 140 N.M. 676, 147 P.3d 885

(including all competency evaluation time periods in total delay, and analyzing them for purposes of determining reasons for delay).

**{8}** On remand, the district court held a hearing, entered factual findings and legal conclusions applying the *Barker* factors, and ruled that Defendant's speedy trial rights were not violated. [Speedy Trial Order 1-4] Consistent with instructions in our remand order, Defendant has notified this Court of the district court's entry of its order on remand. Defendant, however, does not raise any challenges to the district court's full *Barker* analysis.

**{9}** We can infer from Defendant's motion to amend an intention to argue that the delay caused by events relative to Defendant's competency and the firing of three defense attorneys should not be attributable to Defendant, because Defendant did not want a competency evaluation and he filed disciplinary complaints against some of his attorneys. [MIO 11] After holding a hearing on these matters and having presided over this case, the district court was not persuaded by Defendant's factual assertions about the competency issue or his legal representation. [Speedy Trial Order 1-2, 4] "In reviewing a district court's ruling on a speedy trial violation claim, we defer to the court's findings of fact, and we weigh and balance the *Barker* factors de novo." *State v. Samora*, 2016-NMSC-031, ¶ 9, 387 P.3d 230 (internal quotation marks and citation omitted). The district court concluded that the reasons for the delay weigh heavily against Defendant, which is supported by its findings. [Speedy Trial Order 1-2, 4] The district court also ruled that Defendant did not present any evidence of prejudice or duress and therefore found none. [Id. 4]

**{10}** When given the opportunity to fully demonstrate a speedy trial violation, Defendant failed to do so. *See id.* ¶ 23 ("To find a speedy trial violation without a showing of actual prejudice, the Court must find that the three other *Barker* factors weigh heavily against the State."). Accordingly, Defendant's motion to amend seeks to raise an issue that is no longer viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Thus, we now deny the motion to amend.

**{11}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{12} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**