This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

**v.**                                                          **No. 35,315**

**GUY YOUNG,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}    Defendant appeals from a judgment and sentence entered after he pled guilty to two counts of aggravated battery (deadly weapon), two counts of armed robbery, one count of aggravated burglary, three counts of tampering with evidence, and one count of unlawful taking of a motor vehicle. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. For the reasons set forth below, the motion to amend is denied. We affirm.

**MOTION TO AMEND**

{2}    Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO I] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*,

1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant claims that his sentence amounted to cruel and unusual punishment. [MIO 1, 8] Defendant does not argue that the length of sentence exceeded what was permitted by the plea, and we address the district court's decision to run the sentence consecutive to a separate sentence below. In light of the violent nature of the acts committed in this case, we conclude that Defendant has not established that his sentence constitutes cruel and unusual punishment. *See State v. Ira*, 2002-NMCA-037, ¶ 18, 132 N.M. 8, 43 P.3d 359 (noting that cruel and unusual sentence must be so disproportionate to crime that it shocks the conscience).

**Issue A**

**{4}** Defendant continues to claim that double jeopardy requires that his aggravated battery convictions merge with his armed robbery convictions. [MIO 3] In *State v. Fuentes*, this Court rejected an argument that the defendant's convictions for armed robbery and aggravated battery with a deadly weapon that were premised on unitary conduct, violated double jeopardy. 1994-NMCA-158, ¶¶ 2-3, 18, 119 N.M. 104, 888 P.2d 986. In his motion below, Defendant argued that *Fuentes* pre-dated our Supreme Court's implementation of a "modified" *Blockburger* analysis. [RP 170] *See State v. Swick*, 2012-NMSC-018, ¶ 21, 279 P.3d 747 (recognizing the adoption, in *State v.*

*Gutierrez*, 2011-NMSC-024, ¶ 58, 150 N.M. 232, 258 P.3d 1024, of a "modified . . . *Blockburge*r analysis to be used in New Mexico").

{5} In any double-description double jeopardy argument, such as the one made by Defendant, we consider (1) whether the defendant's convictions were premised on unitary conduct, and if so, (2) whether the Legislature intended to punish the crimes separately. *Swick*, 2012-NMSC-018, ¶ 11 (stating the two-part analysis used to determine whether the defendant's separate convictions violate the prohibition against double jeopardy in a double-description case). Pursuant to the modified *Blockburger* analysis, courts evaluating the second factor must consider whether one of the statutes is "vague and unspecific," and if so, whether the State's legal theory of the case caused one crime to be subsumed within the other. *Swick*, 2012-NMSC-018, ¶¶ 21, 24 (internal quotation marks and citation omitted); *Gutierrez*, 2011-NMSC-024, ¶ 59. This modification precludes a "mechanical" application of the *Blockburger* analysis whereby "it [was] enough for two statutes to have different elements." *Swick*, 2012-NMSC-018, ¶ 21.

{6} In this case, it does not appear that the State's theory of the case caused the aggravated battery to be subsumed within armed robbery. Because Defendant entered a plea, without the benefit of a factual record that a trial provides, we rely on the basic facts. The criminal complaint indicates that Defendant first battered each victim with

a hammer, completing the aggravated batteries prior to demanding money from the victims. [RP 15-16] Because Defendant was armed with the hammer, it was not necessary for the State to prove the batteries in order to prove the armed robbery charges. Although Defendant argues that the battery constituted the use of force necessary to show armed robbery, the threats made after the batteries constituted a separate factual predicate to prove armed robbery. NMSA 1978, § 30-16-2 (1973) ("Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use **or** threatened use of force or violence." (Emphasis added)). In addition, even if the conduct were unitary, the separate crimes relate to different sociatal interests. *See Fuentes*, ¶ 16 ("We have no difficulty concluding that these two criminal statutes regulate distinct deviant social conducts and protect separate, societal interests."). As such, the aggravated battery convictions were not subsumed within the armed robbery convictions.

**Issue B**

{7}    Defendant continues to claim that the district court erred in running his sentence consecutive to another sentence that had been imposed on him in a separate proceeding. [MIO 8] Our case law holds that the decision to run sentences concurrently or consecutively is a matter within the discretion of the trial court. *See e.g. State v. Allen*, 2000-NMSC-002, ¶ 91, 128 N.M. 482, 994 P.2d 728 (stating that

"whether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court." (internal quotation marks and citation omitted)). Defendant does not demonstrate that the combined sentences were beyond the time authorized by the applicable statutes, and we also note that the facts of this case are supportive of the district court's decision. *See State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768 ("There is no abuse of discretion if the sentence imposed is consistent with the applicable statutory provisions."), *abrogation recognized by State v. Merhege*, 2016-NMCA-059, 376 P.3d 867.

**Issue C [Issue D in the Docketing Statement]**

{8}   Defendant continues to claim that the district court erred by failing to assure that there was a factual basis for the plea. [MIO 11] "When a defendant enters a plea of guilty or nolo contendere, the charging document, plea agreement, or transcript of the plea hearing should establish the factual basis for the plea." *State v. Hall*, 2013-NMSC-001, ¶ 22, 294 P.3d 1235; *see* Rule 5-304(G) NMRA. In this case, we believe that the record provided the district court a sufficient factual basis for the plea. [RP 15-18]

**Issue D [Issue C in the Docketing Statement]**

{9}   Defendant has withdrawn this issue. [MIO 13]

{10}   For the foregoing reasons, we affirm.

{11}    **IT IS SO ORDERED.**


                                      _____
                                      **MICHAEL E. VIGIL, Judge**




**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**