This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 35,580**

**RODNEY GONZALEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}      Defendant appeals his convictions for possession of heroin, methamphetamine,

marijuana, and for tampering with evidence. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, we hereby grant the motion to amend, but it does not prevent us from issuing an opinion at this time. We affirm.

**MOTION TO AMEND**

{2}    Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO I] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-43, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{3}    Here, Defendant is seeking to add a challenge to the sufficiency of the evidence to support his conviction for possession of marijuana. Because the marijuana was

found in the same baggie as the heroin and methamphetamine, our analysis in the calendar notice on the other sufficiency challenges applies equally to the marijuana conviction. Accordingly, Defendant has had the opportunity to respond to our legal and factual analysis on this issue, and we incorporate our calendar notice for purposes of addressing the marijuana possession conviction.

**SUFFICIENCY**

{4}     Defendant continues to challenge the sufficiency of the evidence to support his convictions for possession of heroin, methamphetamine, and marijuana. [MIO 3] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{5}     In order to convict Defendant, the evidence had to show that Defendant knowingly was in possession of heroin, methamphetamine, and marijuana. [RP 106-108] Here, officers detained Defendant at a convenience store, and had placed him in handcuffs. [MIO 2; DS 3] A woman approached, and Defendant stated that it was his sister, and he wanted to give her a hug before being taken away. [MIO 2; DS 3] As she

3

approached, Defendant was observed reaching into his pocket and seemed to be pulling something out. [MIO 2; DS 4] When they hugged, Defendant was observed transferring something to the woman. [DS 4] Officers instructed the woman to show what Defendant had placed in her hand, and she showed them a baggie that contained heroin, methamphetamine, and marijuana. [MIO 2-3; DS 4] In light of this evidence, we conclude that the jury could reasonably determine that Defendant had knowingly been in possession of heroin, methamphetamine and marijuana. Although Defendant claims that there was insufficient evidence of constructive possession, the jury was also instructed on actual possession [RP 109], and in this case there was evidence of actual possession.

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL E. VIGIL, Judge**