This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36210**

**EMERSON HAPPY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Emerson Happy appeals from his convictions of aggravated battery with a deadly weapon. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was set forth in our notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     In the memorandum in opposition, Defendant acknowledges that one of the victims testified that a photograph introduced into evidence was of the attacker, and that a police officer who responded to, and communicated with Defendant at, the crime scene testified that the same photograph was of Defendant as he appeared on the day of the incident. [MIO 3] Nevertheless, Defendant reiterates his position that the State presented insufficient evidence that he was the individual who committed the charged crimes. [MIO 5] We disagree. Taken together, the testimony of the victim and the officer are sufficient for a rational trier of fact to find the element of identity beyond a reasonable doubt. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." (alteration, internal quotation marks, and citation omitted)). Therefore, we affirm.

**{4}** In addition, the memorandum in opposition for the first time on appeal challenges the sufficiency of the State's evidence with respect to the other elements of Defendant's convictions. [MIO 4-5] We construe Defendant's argument as a motion to amend the docketing statement and deny the same. *See State v. Moore*, 1989-NMCA-073, ¶¶ 44-45, 109 N.M. 119, 782 P.2d 91 ("[W]e should deny motions to amend that raise issues that are not viable.") *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Defendant acknowledges that evidence was presented that the altercation commenced with him yelling racial slurs at the victims, after which he ran towards them, unsuccessfully swung his fist twice at the first victim, and eventually hit him. [MIO 2; DS 2] A physical fight erupted between the two men, by the end of which the first victim was stabbed several times and ultimately suffered a collapsed lung. [MIO 2; DS 3] The second victim tried to restrain Defendant by hugging him and was likewise stabbed in the process. [MIO 2] This evidence is sufficient for a reasonable fact-finder to conclude that Defendant intentionally applied force to the persons of the two victims while using a knife as a deadly weapon. *See Cunningham*, 2000-NMSC-009, ¶ 26. While Defendant asserts that "[n]o evidence established who

the first aggressor might have been[,]" he also acknowledges that one of the victims testified that Defendant "swung first[.]" [MIO 5] Likewise, while asserting that the evidence was unclear as to whether or not he "wielded a knife at any time during the altercation[,]" Defendant acknowledges that one of the victims testified that he observed Defendant stab the second victim. [MIO 2] Therefore, we deny Defendant's motion to amend the docketing statement to raise additional challenges to the sufficiency of the evidence.

{5}     Lastly, Defendant has moved to amend the docketing statement to raise an ineffective assistance of counsel claim. [MIO 1-2, 5-10] Specifically, Defendant asserts that his attorney was ineffective in withdrawing a request for a self-defense jury instruction once Defendant decided not to testify in his defense. [MIO 5] Because we conclude that this issue is not viable, we deny Defendant's motion. *See Moore*, 1989-NMCA-073, ¶¶ 44-45.

{6}     "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not

4

find ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61.

{7}     Defendant asserts that a self-defense instruction was warranted even without his testimony because the officer who identified Defendant in the photograph further testified that Defendant told him that he had been attacked by the two victims. [MIO 7] *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 ("When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error."). While Defendant acknowledges that his attorney may have "made the choice to drop self-defense in favor of the theory of lack of identification[,]" [MIO 7] Defendant maintains that such strategy was not reasonable, because "[t]he two defenses were not contradictory." [MIO 8] We disagree. Both defenses hinged on the testimony of the same officer; Defendant's attorney could have reasonably concluded that asking the jury to believe this witness's statement that Defendant told him he had been attacked while simultaneously asking the jury to disbelieve the same witness's statement that the person in the photograph was in fact Defendant would have been injurious to both defenses. Because we can perceive "a plausible, rational strategy or tactic to explain counsel's conduct[,]" *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22, we hold that

Defendant's ineffective assistance of counsel claim is not viable and deny his motion to amend. We further affirm Defendant's convictions.

{8}     Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

{9}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**


_____

**JULIE J. VARGAS, Judge**