This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2006-12XS,**

       Plaintiff-Appellee,

**v.**                                     **No. A-1-CA-36132**

**ANKE HERNANDEZ,**

       Defendant-Appellant,

and

**OCCUPANTS WHOSE TRUE NAMES ARE UNKNOWN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (SOLELY AS NOMINEE FOR LENDER AND LENDER'S SUCCESSORS AND ASSIGNS),**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's order denying her motion to vacate the judgment as void. Unpersuaded that the docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded. We, therefore, affirm.

{2}     Defendant raises two issues on appeal. She asks whether it was reversible error for the district court to (1) refuse to vacate the foreclosure judgment on the proof that Defendant gave timely notice of rescission, and (2) deny the motion to vacate the foreclosure judgment without explanation. [MIO 3] The second assertion of error was

2

not listed in the docketing statement. Therefore, we treat this assertion as a motion to amend the docketing statement and deny it because it is not a viable issue. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (indicating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Defendant does not refer us to, and we are not aware of any, controlling authority that would require the district court to explain its ruling on her Rule 1-060(B) NMRA motion under the circumstances presented here. In fact, Rule 1-052(A) NMRA states in relevant part that "[f]indings of fact and conclusions of law are unnecessary in decisions on motions under Rules 1-012, 1-050, or 1-056 NMRA or *any other motion* except as provided in Paragraph B of Rule 1-041 NMRA." (Emphasis added.) We see no viable allegation of reversible error and deny the motion to amend.

{3}     As for Defendant's assertion that reversal is appropriate based on her timely notice of rescission, we are not persuaded. Our notice informed Defendant that her docketing statement did not provide this Court with sufficient information or with citation to any authority suggesting that, even if there was an effective rescission of the loan, it would provide a basis for relief under Rule 1-060(B) NMRA. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have

long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule."). Defendant's response to our notice continues to omit any reference to authority suggesting that the foreclosure judgment would be void based on the rescission. We further explained that rescission appeared to be a defense that could be waived and that we could conceive of no reason why it would create a void judgment, where it is not raised as a defense or as a remedy sought in the normal course of proceedings. *See, e.g.*, *Branch v. Chamisa Dev. Corp., Ltd.*, 2009-NMCA-131, ¶ 21, 147 N.M. 397, 223 P.3d 942 (describing rescission as a defense or equitable remedy that can be forfeited). Defendant has not responded to these concerns at all. Defendant seems to conflate the concept of a delayed pursuit of a rescission defense with our concern that a rescission would not result in a void judgment of foreclosure under Rule 1-060(B)(4)—even if the rescission was demonstrably effective, which it was not in this case. [MIO 3]

{4} To the extent Defendant presumes that a rescission under the federal statute would affect Plaintiff's standing and that lack of standing is a jurisdictional flaw that results in a void judgment, we are not persuaded for the reasons stated in our notice. Specifically, in *Deutsche Bank Nat. Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046, the Supreme Court clarified that standing in a foreclosure action to enforce a promissory note is prudential, not a jurisdictional requirement, and the lack

4

of standing does not render a foreclosure judgment voidable under Rule 1-060(B). The Supreme Court indicated that, like a defense to a complaint for failure to state a claim, the requirement of prudential standing to enforce a promissory note must be raised during the pendency of the action on the complaint, including the direct appeal, or it is waived. *See id.* For these reasons, we are not persuaded that Defendant alleged sufficient facts that would render the judgment void or would otherwise establish grounds for relief under Rule 1-060(B). In the absence of any authority or persuasive argument to support Defendant's position, Defendant has not demonstrated reversible error.

{5}     Based on the foregoing, we affirm the district court's denial of Defendant's motion to vacate the judgment of foreclosure.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**