This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                         **NO. A-1-CA-36437**

**JOSEPHINE GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}    Defendant Josephine Gutierrez appeals from her bench trial convictions for Count 1, shipping, driving, or receiving livestock district to district without inspection

and Count 2, failure to exhibit written evidence of ownership or legal possession of livestock. [DS 1; RP 75] This Court issued a notice proposing to affirm. Defendant has filed a motion to amend the docketing statement and a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we deny the motion to amend and summarily affirm.

{2}     Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here and instead focus on the content of the motion to amend and the memorandum in opposition.

{3}     Defendant seeks to amend her docketing statement to add an issue arguing the State improperly charged Defendant with a general statute pertaining to the transportation and inspection of livestock, rather than a specific statute related to the transportation and inspection only of horses and certain other animals. [MIO 9] Thus, Defendant argues her conviction under NMSA 1978, Section 77-9-31(A) (1999), should be vacated. [MIO 12] The essential requirements to show good cause for amendment of a docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

For the following reasons, we deny Defendant's motion to amend the docketing statement because the issue is not viable.

{4}     The general/specific rule of statutory construction applies in circumstances where "conduct in one group of statutes resulted in an irreconcilable conflict with the apparent criminalization of the same conduct in another statute." *State v. Santillanes*, 2001-NMSC-018, ¶ 18, 130 N.M. 464, 27 P.3d 456. "[I]f two statutes dealing with the same subject conflict, the more specific statute will prevail over the more general statute absent a clear expression of legislative intent to the contrary. The specific statute operates as an exception to the general statute[.]" *Id.* ¶ 7 (citation omitted); *see State ex rel. Madrid v. UU Bar Ranch Ltd. P'ship*, 2005-NMCA-079, ¶ 20, 137 N.M. 719, 114 P.3d 399 (recognizing "the general/specific rule of statutory construction is only applicable when the two statutes are in conflict").

{5}     Section 77-9-31(A) states:

> A person shipping or driving or receiving for shipment or driving any livestock from a district or out of this state shall hold the livestock for inspection as provided by law, and it is unlawful for any person to ship, drive or in any manner remove beyond the boundaries of the district or this state any livestock until they have been inspected[.]

Defendant asserts she was improperly charged under this statute because it is general and applicable to the broad category of "livestock." [MIO 9] Defendant asserts she should have instead been charged under NMSA 1978, Section 77-9-41 (1969), which specifically addresses inspections of specific animals, including horses, and states:

3

It shall be unlawful for any person, firm or corporation to move, transport or cause to be transported from the state of New Mexico to any point beyond the limits thereof or within the state . . . any horses, mules, asses, cattle, sheep or goats, or the carcasses thereof, by driving or in any motor or other vehicle or conveyance, unless such animal, animals or carcasses shall first have been inspected by an inspector of the New Mexico livestock board and unless, upon satisfactory showing of the ownership of said animals or carcasses, said inspector shall have issued inspection certificates in the form to be prescribed by the New Mexico livestock board and unless such certificate shall at all times accompany the animals or carcasses so being driven or transported in such motor or other vehicle[.]

[MIO 10-11] Defendant argues the failure of the State to charge her with the more specific statute violates the general/specific statute rule, and thus, her conviction under Section 77-9-31(A) must be vacated. [MIO 11-12] In support of her argument, Defendant relies on *State v. Parsons*, in which the defendant was prosecuted for unlawfully transporting elk heads. 2005-NMCA-083, ¶ 1, 137 N.M. 773, 115 P.3d 236. This Court held that the defendant's conviction of a fourth degree felony under a general animal cruelty statute violated the general/specific statute rule, and the defendant should have been prosecuted for a misdemeanor under the specific game and fish statutes. *Id*. ¶¶ 22, 25.

{6} We acknowledge, as Defendant contends, her conduct could have also supported a conviction under the section of the livestock code pertaining specifically to the transportation and inspection of horses because "the Legislature has passed a specific statute aimed at exactly this type of activity." [MIO 10-11] However, our

4

Supreme Court has previously noted the possible prejudice to a defendant for violation of the general/specific statute rule is exposure to an increased penalty. *State v. Cleve*, 1999-NMSC-017, ¶ 19, 127 N.M. 240, 980 P.2d 23. We note under either statute, her conduct would amount to a misdemeanor offense. NMSA 1978, § 77-9-49 (1993) ("Any person, firm or corporation violating any provision of Sections 77-9-41 through 77-9-50 NMSA 1978 is guilty of a misdemeanor and shall be punished as prescribed by law."). Thus, it does not appear Defendant's prosecution under the more general statute resulted in imposition of a greater penalty for which this Court could provide an appropriate remedy. Moreover, Defendant does not cite any authority supporting vacating her conviction, where conviction under the more specific statute would not provide any relief from punishment. *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]"). Accordingly, we deny Defendant's motion to amend the docketing statement.

**{7}** In response to our proposed affirmance of Defendant's conviction for Count 1, Defendant argues the horses were not "livestock" within the meaning of Section 77-9-31(A) because they were wild and not domesticated, and thus, were not subject to inspection under that section. [MIO 6-8] In support of this argument, Defendant cites on *Wild Horse Observers Ass'n, Inc. v. New Mexico Livestock Board*, 2016-NMCA-

001, ¶¶ 9, 14-16, 22-25, 363 P.3d 1222, in which this Court held the Board unlawfully treated free-roaming horses in Placitas, New Mexico as estray livestock rather than as wild horses, and therefore, the Board was required to DNA test and relocate wild horses captured on public land. Defendant relies on the testimony of a livestock inspector and a conservation officer regarding the horses' wild behavior and argues the State failed to prove the horses were domesticated "livestock" subject to the inspection requirement of Section 77-9-31(A). [MIO 7-8]

{8}     As we noted in our notice of proposed disposition, the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. [CN 2-3] The district court noted, while there maybe be reasonable doubt regarding whether twenty-three of the horses were wild, three of the horses were branded. [DS 4] The question for us on appeal is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. Therefore we decline to reweigh

6

the evidence or the district court's finding that the branded horses were domesticated "livestock" subject to inspection under Section 77-9-31(A). Therefore, we conclude Defendant's conviction for Count 1 was supported by sufficient evidence.

{9} In response to our proposed affirmance of Defendant's conviction for Count 2, based on her failure to exhibit a bill of sale for livestock, Defendant first continues her primary argument that the horses she was transporting were not domesticated "livestock" subject to the bill of sale requirement and also continues to argue the bill of sale dated and produced several days after the transaction was sufficient to show "other written evidence of ownership or legal possession." [MIO 13] For reasons already explained and because we decline to reweigh the evidence regarding whether the horses were domesticated "livestock," we are unconvinced by Defendant's continued argument the horses were wild and, thus, not subject to the bill of sale requirement.

{10} We also remain unconvinced Defendant's production of a bill of sale dated and produced several days after the transaction established "other written evidence of" her ownership of the horses at the time she was stopped and the horses were impounded because NMSA 1978, Section 77-9-23 (1999) does not provide an exception to prosecution for a bill of sale or other proof of ownership produced several days after it was requested by an inspector. [*See* MIO 13-14] Thus, the fact Defendant produced

written evidence of the sale several days after she was stopped does not present a basis for reversal of her conviction.

{11} Accordingly, for the reasons explained above and in this Court's notice of proposed disposition, we affirm Defendant's convictions.

{12} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**DANIEL J. GALLEGOS, Judge**