This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39058**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAAC CHAIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Sana Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from his convictions, following a jury trial, for false imprisonment and criminal sexual penetration (CSP). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and a motion to amend the docketing statement. Having duly considered Defendant's arguments, we deny the motion to amend the docketing statement and affirm Defendant's convictions.

**{2}** Defendant continues to argue the evidence was insufficient to support his convictions, specifically asserting that there is reasonable doubt that he committed the

crimes given that he testified that he had consensual sex with Victim. [MIO 4-8] However, as we explained in our notice of proposed disposition, the jury was not obligated to believe Defendant's version of the facts, and on appeal, we resolve conflicts in the evidence in favor of the verdict. [CN 2-3] Defendant has not otherwise asserted any facts, law, or argument concerning this issue that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Defendant additionally seeks to amend his docketing statement to assert that Defendant's restraint of Victim for the false imprisonment charge was incidental to the commission of the CSP, and that Defendant's convictions for both CSP and false imprisonment violate double jeopardy. [MIO 1, 8-15] In support of his claim of incidental conduct, Defendant relies on *State v. Trujillo*, 2012-NMCA-112, ¶ 29, 289 P.3d 238, in which we held "the Legislature did not intend to punish as kidnapping restraint or movement that is merely incidental to another crime." [MIO 8-13] However, we note that *Trujillo* is inapplicable to this case because it pertains specifically and exclusively to the offense of kidnapping. *See id.* ¶¶ 23-42 (considering the history of the kidnapping statutes and the serious nature of that offense, while also emphasizing that we were specifically considering whether the Legislature intended the defendant's conduct to constitute kidnapping under the factual circumstances of that case).

{4}     Defendant's contention that his convictions for false imprisonment and CSP violate double jeopardy is premised on the argument that the conduct underlying Defendant's convictions was unitary. [MIO 13-15] We disagree. As we discussed in our calendar notice, Defendant locked the doors to his truck to prevent Victim from escaping, told Victim he was going to rape her, and when Victim tried to escape, he prevented it by pinning her down. [CN 3] Thereafter, Defendant removed Victim's clothes against her will and penetrated her while he had his hands around her neck and elbow in her back. [Id.] We conclude that Defendant's confinement of Victim occurred prior to, and was distinct from, the force used to commit the CSP. *See e.g.*, *State v. Corneau*, 1989-NMCA-040, ¶ 16, 109 N.M. 81, 781 P.2d 1159 ("[T]he restraint which preceded the act of CSP was not the same 'force or coercion' necessary to establish CSP, or the same restraint inherent in CSP."); *see also State v. Dominguez*, 2014-NMCA-064, ¶ 10, 327 P.3d 1092 ("That [the d]efendant used the same *type* of force to restrain [the v]ictim during the kidnapping and during the CSP does not create unitary conduct[.]"); *cf. State v. Garcia*, 2019-NMCA-056, ¶¶ 19-23, 450 P.3d 418, *cert. denied*, 2019-NMCERT-___ (No. S-1-SC-37766, Sept. 10, 2019) (concluding there was sufficient evidence of restraint and confinement to support a kidnapping conviction, independent from restraint used during the sexual assault, and stating that, despite "the

short time period between [the d]efendant's initial acts and the sexual assault, as well as the confined space in which they occurred, [the d]efendant's actions constituted a completed kidnapping upon preventing [the v]ictim's escape, regardless of the sexual assault that followed" and noting that "[the d]efendant not only restrained [the v]ictim during the sexual assault, but also thwarted her attempt to escape").

{5}     Accordingly, we conclude Defendant's issues are without merit and we therefore deny the motion to amend the docketing statement. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 (observing that issues sought to be presented in a motion to amend a docketing statement must be viable).

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{7}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**